**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5164

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JORGE ROSA RODRIGUEZ,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:10-cr-00089-WO-1)

Argued:  March 22, 2012              Decided:  April 24, 2012

Before SHEDD, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished opinion.  Judge Shedd wrote the opinion in which Judge Keenan and Judge Floyd joined.

**ARGUED:** Timothy P. O'Toole, MILLER & CHEVALIER, CHARTERED, Washington, D.C., for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.  **ON BRIEF:** Marie Park, Washington, D.C., for Appellant.  Ripley Rand, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Two undercover agents arranged the exchange of a U-Haul truck filled with marijuana for firearms and cash. Following the exchange, state police stopped the U-Haul truck for speeding. After a positive drug dog alert on the van, the police arrested Jorge Rodriguez, who waived his Miranda rights and admitted possession of the drugs. Rodriguez pled guilty to possession with intent to distribute 505.9 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and to possession of a short-barreled rifle and other firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i). Rodriguez raises four issues on appeal. We discuss each issue below but find none to have merit. Therefore, for the reasons below, we affirm the judgment of the district court.

I.

A.

First, Rodriguez alleges that the delay between his arrest on state charges on March 25, 2009, and his federal indictment on March 29, 2010, constitutes a violation of the Speedy Trial Act. Rodriguez raises this issue for the first time on appeal; he did not file a pre-trial motion to dismiss the indictment or information. Thus, Rodriguez has waived his speedy trial claim. See 18 U.S.C. § 3162(a)(2)("Failure of the defendant to move for

2

dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.").

B.

Second, Rodriguez challenges the sufficiency of his Rule 11 plea colloquy on various grounds. Rodriguez did not move to withdraw his plea, nor did he raise any objections to the colloquy in the district court. Thus, we review his claims for plain error. See United States v. Martinez, 277 F.3d 517, 525-526 (4th Cir. 2002).

The Supreme Court has given the following instruction on plain error review:

> [A]n appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

United States v. Marcus, --- U.S. ----, ----, 130 S.Ct. 2159, 2164 (2010) (internal punctuation and citation omitted). "[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it," United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004), and "[m]eeting all four prongs is difficult, as it should be," Puckett v. United States, 556

3

U.S. 129, 135 (2009) (internal punctuation and citation omitted).

We hold that even assuming the district court committed the various errors alleged by Rodriquez, such errors did not affect Rodriguez's substantial rights. Rodriguez has not demonstrated that but for the alleged errors, he would not have entered his guilty plea. See Martinez, 277 F.3d at 532 (the defendant "must demonstrate that, absent the Rule 11 errors, he would not have entered into his plea agreement"). Moreover, Rodriguez's own statements during sentencing contradict such an assertion. He specifically admitted his guilt and said: "I don't want to go to trial. I don't want any more trial." See J.A. 32. Thus, Rodriguez has not established that the district court committed plain error during his Rule 11 plea colloquy.

C.

Third, Rodriguez claims that the district court incorrectly calculated the drug quantity attributable to him, despite the fact that he inspected the quantity of drugs before he finalized the transaction. Rodriguez did not object to the drug quantity in the district court. Therefore, we review this claim for plain error. See Martinez, 277 F.3d at 525-526.

In making this argument, Rodriguez primarily relies upon a legal theory he calls sentencing entrapment, under which he claims the government gave him more drugs than he expected for

4

the sole purpose of enhancing his sentence. He cites no case law in support of this theory and concedes that this Court has never recognized claims of sentencing entrapment. See Appellant's Br. at 23-25. Thus, we hold that the district court did not commit plain error in calculating Rodriguez's drug quantity and, specifically, it did not commit plain error in failing to give Rodriguez relief under a sentencing entrapment theory. See United States v. Beasley, 495 F.3d 142, 149-50 (4th Cir. 2007) (rejecting plain error argument where there "was no controlling 'current law' in this circuit" at the time of sentencing "nor is there any today").

D.

Finally, Rodriguez asserts a claim of ineffective assistance of counsel. Ineffective assistance of counsel is a claim that this Court "may address on direct appeal only if the lawyer's ineffectiveness conclusively appears from the record." United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). We find that the record does not conclusively establish ineffective assistance and, thus, we decline to address the issue on direct appeal.

II.

For the foregoing reasons we affirm the judgment of the district court.

AFFIRMED

5